*H. H. Sanderson* and *F. A. Chaffin*, for defendants in error.

---

### EXEMPTION AS TO TAXATION.

[Circuit Court of Cuyahoga County.]

STATE OF OHIO, EX REL J. A. SMITH, TRUSTEE, v. ROBERT WRIGHT, AUDITOR OF CUYAHOGA COUNTY.

Decided, December 1, 1905.

*Taxation—Deduction for Destroyed Buildings—Mandamus to Compel—Constitutional Law—Sections 1038a, 1042 and 2731—Abatement of Taxes.*

Exemption laws having been recognized in Ohio ever since the adoption of the present Constitution, and long before, it has manifestly been the policy of the state to allow certain property to be exempted from taxation; and Section 1038a, relating to deductions from the duplicate for destroyed or injured property, must therefore be upheld as valid and reasonable, notwithstanding the constitutional provision as to the taxing of all property by a uniform rule according to its true value in money.

MARVIN, J. (orally); WINCH, J., and HENRY, J., concur.

This is a proceeding in mandamus brought by Smith, praying that a writ issue from this court commanding and directing the auditor to deduct from a certain tax list a valuation of a certain building which was destroyed after the 2d day of April, 1905. The petition sets out all the facts necesary to entitle the plaintiff

to this reduction of the tax duplicate as provided in Section 1038a, of the Revised Statutes, if that statute is to govern. The statute is:

"The county auditor shall, whenever, after the first Monday in April, and before the first day of October, in any year, it is made to appear by the oath of the owner, or one of the owners of any building or structure, and by the affidavit of two disinterested persons, resident of the city or township in which such building or structure is, or was situate, that such building or structure has been injured or destroyed by fire, flood, tornado or otherwise, since the second Monday in April of the current year, deduct from the tax list and duplicate the value of such buildings or structures, or such part of the value thereof as shall correspond to the extent of such injury."

Here the destruction was done by the relator. He tore down and destroyed a building on certain premises between the second Monday in April and the first day in October. The taxes on such building amounted to $135.68.

It is said that the statute hereinbefore quoted is in violation of Article XII, Section 2, of the Constitution of Ohio, which provides that "laws shall be passed taxing by a uniform rule, all  *  *  *  real and personal property according to its true value in money." It is urged that to permit one to have a deduction by reason of the destruction of the property and covering this period of time from the second Monday in April to the first day of October is to grant a special privilege to one who during that entire six months may have had the benefit and income from such building, and it is said that the fixing of the dates is arbitrary, but Section 2838, Revised Statutes, fixes the date of the lien for taxes as the second Monday in April.

Section 1042 fixes the time for delivering the tax duplicates by the auditor to the treasurer as the first day of October, so that the dates fixed in this statute are fixed evidently because of the time when the lien attaches and the time when the duplicate is to be delivered to the treasurer. Similar provisions are made as to the deduction by the board of equalization of destroyed personal property, by Section 2807, Revised Statutes.

Notwithstanding the provision of the Constitution and the provisions of the statutes, Section 2731 provides that "all property, whether real or personal in this state, and whether belonging to individuals or corporations; and all moneys, credits, investment in bonds, stocks, or otherwise," etc., "shall be entered on the list of taxable property as prescribed in this title," and provides for the taxation of such property except that which may be specifically exempted.

Exemption laws in reference to taxation have been recognized in Ohio ever since the adoption of the present Constitution, and long before, and yet the provision of the Constitution is that "Laws shall be passed taxing by a uniform rule, all  *  *  * real and personal property according to its true value in money." It is manifest that the policy of this state has been to allow certain property to be exempted.

In the case of *Chisholm* v. *Shields, Treasurer of Cuyahoga County*, 67 O. S., 374, it was held that a provision by which the widow of Chisholm was to have a large income during the period of her life from the time of his death (a provision by will) that there could be no taxing of that income notwithstanding that it was a very valuable thing.

Cooley on Taxation, page 1376, under the head *Abatement of Taxes*, speaks of the fact that a certain property is exempt from taxation without violating the spirit of the Constitution, which provides that all property shall be taxed.

Is this statute unreasonable? Notwithstanding it would sometimes relieve one from paying taxes on property from which he has had an income during a part of the year, it is not to us so unreasonable as would justify us, in the absence of the holding of any higher court, or any court as far as we know, that the statute is either unreasonable or ambiguous. We do not find it is either. We hold that, therefore, the prayer of the petition should be granted. Judgment will be entered accordingly.

*Smith, Taft & Arter*, for relator.

*Stage, Armstrong & Cannon*, for defendant.